UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHELBY KCS BUSH,

                Petitioner,

v.

STATE OF WASHINGTON,

                Respondent.

Case No. C20-5056-RJB-TLF

REPORT AND RECOMMENDATION

Noted for May 22, 2020

Petitioner, Shelby KCS Bush, proceeds *pro se*, in this federal habeas corpus action brought pursuant to 28 U.S.C. § 2254. Dkts. 3, 4. The petition has not been served on the respondent. By order dated March 5, 2020, the Court directed petitioner to show cause why his petition should not be dismissed for failure to exhaust state judicial remedies. Dkt. 5.

Petitioner subsequently filed documents entitled "Motion to Exhaust State Remedies" (Dkt. 6), "Motion for Petitioner Initiated Summary Judgment" (Dkt. 8), and "Response to Order to Show Cause/Motion for Reconsideration" (Dkt. 9).

The Court should dismiss the federal habeas petition without prejudice as unexhausted. The Court should deny petitioner's "Motion to Exhaust State Remedies" (Dkt. 6) and "Motion for Petitioner Initiated Summary Judgment" (Dkt. 8) for the same reasons the Court recommends dismissal of the underlying petition.

Alternatively, the motions should be denied as moot in light of the recommended dismissal of the petition. Petitioner's filing entitled "Response to Order to Show Cause/Motion for Reconsideration" (Dkt. 9) appears to be a response to the Court's order to show cause and the Court should construe it as such. To the extent petitioner's response to the order to show cause could also be considered a motion for

REPORT AND RECOMMENDATION - 1

reconsideration of the Court's order to show cause, it should be denied because petitioner fails to meet his burden on reconsideration. Also, for the reasons set forth below, the Court should deny issuance of a certificate of appealability (COA).

## BACKGROUND

Petitioner challenges his conviction and sentence in Clallam County Superior Court under case number 14-1-00427-2. [1] *Id.* Petitioner seeks release from incarceration on the grounds that he is "illegally and unlawfully imprisoned as a result of the abrogation of my federally conferred Constitutional rights by the State of Washington and its willful defiance of the established procedures and processes set forth by the U.S. Constitution." *Id.*, at 5-12. Petitioner contends his federal constitutional rights were violated because he was not charged in the state court by Grand Jury Indictment as required by the Fifth Amendment. *Id.*

Petitioner does not show he has exhausted his state court remedies for the grounds raised in his federal habeas corpus petition. Dkt. 3. Instead, the petition affirmatively states that petitioner failed to directly appeal any of the grounds now presented in federal court his conviction in state court, and he failed to raise any of these grounds in a state court by post-conviction motion or petition for state habeas corpus. *Id.*, at 5-12. Petitioner asserts that he did not appeal to the highest state court having jurisdiction because "[t]he State of Washington does not have jurisdictional authority to decide on United States Constitution matters, which are outside it's [sic] jurisdictional or statutory governing limits." *Id.*

---

[1] The petition does not provide the date of petitioner's conviction and sentence nor does petitioner clarify this in his response to the Court's order to show cause.

REPORT AND RECOMMENDATION - 2

By order dated March 5, 2020, petitioner was given an opportunity to show cause why his petition should not be dismissed as unexhausted. Dkt. 5. Petitioner subsequently filed several documents entitled "Motion to Exhaust State Remedies" (Dkt. 6), "Motion for Petitioner Initiated Summary Judgment" (Dkt. 8), and "Response to Order to Show Cause/Motion for Reconsideration" (Dkt. 9). None of these documents dispute that petitioner failed to present claims he now raises in his federal petition, to the highest state court. Dkts. 6, 8, 9. As discussed below, none of petitioner's arguments excuse this failure to exhaust his claims in state court and, as such, the petition should be dismissed without prejudice.

## DISCUSSION

Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

**A.   Exhaustion**

Petitioner plainly admits he has brought no appeals and no post-conviction proceedings in state court with respect to the grounds raised in this federal habeas petition. Dkt. 3, at 5-12. Petitioner indicates that he does not intend to bring his claims to the state courts—state courts would never have the opportunity to consider the habeas claims raised in his federal petition—asserting that the state courts lack jurisdiction over issues that are raised under the United States Constitution. *Id.*[2] However, the

---

[2] The Court notes that in the box labeled item 13(a) of the petition the petitioner checked "yes" in response to the question of whether all grounds for relief raised in the petition have been presented to the highest state court having jurisdiction. Dkt. 3, at 12. The Court interprets this as a typographical or scrivenor's error. This interpretation is reasonable because the remainder of the petition clearly and unambiguously states that *none* of the grounds raised in the petition have been raised on direct appeal or in a state post-conviction proceeding because petitioner believes the state courts lack jurisdiction over

exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1).[3]

A state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is appropriate, because "state courts, like federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To properly exhaust their federal claims, a would-be habeas petitioner must finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.*, at 845.

A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte* authority to examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the state does not raise the issue").

---

issues that are raised under the United States Constitution. *Id.*, at 5-12. Petitioner was alerted to this issue and given an opportunity to show cause why the petition should not be dismissed for failure to exhaust his state court remedies.

[3] 28 U.S.C. §2254 (b)(1) provides, in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
   (A) the applicant has exhausted the remedies available in the courts of the State; or
   (B) (i) there is an absence of available State corrective process; or
      (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

REPORT AND RECOMMENDATION - 4

Petitioner must raise each of the grounds for relief contained in his federal habeas petition, to the highest court with authority to consider the issues, in the courts of the State of Washington – on direct appeal, that would be the Washington Court of Appeals and Washington Supreme Court; for post-conviction proceedings such as state habeas corpus or a personal restraint petition the process would be slightly different but the state's highest court would still need to be given an opportunity to hear and decide the issues. Petitioner contends he has not presented his grounds for relief to the state courts because the state courts lack the "jurisdictional authority to decide on United States Constitution matters, which are outside [its] jurisdictional or statutory governing limits." Dkt. 3, at 5-12. This argument fails because 28 U.S.C. § 2254(d)(1) recognizes the jurisdiction of state courts to adjudicate whether the federal constitutional rights of a state criminal defendant were violated. Federal habeas relief is available to address where the state court's adjudication was "contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As the petition plainly states, petitioner has not presented his claims for relief to the highest state court.

In the supplement to his petition and his response to the Court's Order to Show Cause, petitioner appears to argue the Court has jurisdiction over his unexhausted

claims pursuant to 28 U.S.C. § 2241[4], 28 U.S.C. § 1343,[5] and 42 U.S.C. § 1981[6]. Dkt. 4, 9. Petitioner, however, readily acknowledges that he has submitted a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and that he is challenging his state court judgment of conviction pursuant to which he is "illegally and unlawfully imprisoned." Dkt. 3.

"[W]hen a prisoner is in custody pursuant to a state court judgment, § 2254 constitutes his only habeas remedy for any challenge to his detention, regardless of the nature of such a challenge." *Krause v. Stewart*, No. C19-1421-MJP, 2019 WL 6732015, at *2 (W.D. Wash. Sept. 13, 2019), *report and recommendation adopted*, No. C19-1421 MJP, 2019 WL 6728740 (W.D. Wash. Dec. 11, 2019); *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004) (holding § 2254 was a state prisoner's exclusive remedy when he sought to challenge his transfer from a state prison to a privately-run prison in another state). Accordingly, petitioner's arguments submitted in this supplement to the petition do not provide a basis for avoiding the exhaustion requirement for petitioner's 2254 habeas petition.

---

[4] Section 2241, provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such as pretrial detention or awaiting extradition. *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004); *see also Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004) (Section 2241's general grant of habeas authority is available to someone who is not in custody pursuant to a state court judgment, such as someone in a criminal trial or awaiting extradition).

[5] 28 U.S.C. § 1343 confers original jurisdiction on the district court to "redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States...." 28 U.S.C. § 1343.) But a civil rights action under 28 U.S.C. § 1343 "cannot be used by a state prisoner to circumvent the" exhaustion requirement of 28 U.S.C. § 2254. *Smartt v. Avery,* 411 F.2d 408, 409 (6th Cir. 1969); *accord Ney v. State of Cal.*, 439 F.2d 1285, 1286 (9th Cir. 1971); *Fisher v. Planet*, No. LA CV 14-04450-VBF, 2014 WL 4664510, at *1 (C.D. Cal. Sept. 18, 2014).

[6] 42 U.S.C. § 1981 prohibits racial discrimination by private parties or through state action pertaining to the making and enforcing of contracts as well as the exercise of other rights under the law. 42 U.S.C. § 1981; *see Cox v. United States*, No. 17-cv-00001 JMS-KSC, 2017 WL 2385341, at *8 (D. Haw. May 31, 2017).

1    Petitioner suggests that effective state remedies are unavailable to him because
2 the state has enacted a constitution which conflicts with the federal constitution and,
3 therefore, presentation of his claims to the state court would be futile. *See* Dkts. 8, 9.
4 However, state courts are "equally bound to guard and protect rights secured by the
5 [federal] Constitution," *Ex parte Royall*, 117 U.S. 241, 251 (1886); *Duckworth v.
6 Serrano*, 454 U.S. 1, 3–4 (1981). Petitioner's argument does not demonstrate the
7 absence of effective state court remedies; petitioner speculates that the state court
8 would be unsympathetic to his claims. But even if the petitioner believes it would be
9 futile to argue his Constitutional claims to the state courts because he does not believe
10 he would be successful, "the apparent futility of presenting claims to state courts does
11 not constitute cause of procedural default." *Roberts v. Arave*, 847 F.2d 528, 530 (9th
12 Cir. 1988); *see Engle v. Isaac*, 456 U.S. 107, 130, 102 S. Ct. 1558, 1573, 71 L. Ed. 2d
13 783 (1982) (Rejecting habeas petitioner's argument that exhaustion of state remedies
14 would have been futile and explaining "[i]f a defendant perceives a constitutional claim
15 and believes it may find favor in the federal courts, he may not bypass the state courts
16 simply because he thinks they will be unsympathetic to the claim. Even a state court
17 that has previously rejected a constitutional argument may decide, upon reflection, that
18 the contention is valid.").

19
20
21
22
23
24
25

REPORT AND RECOMMENDATION - 7

Petitioner plainly acknowledges he has not presented the claims raised in his petition to the highest state court.[7] [8] Dkt. 3, at 5-12; *see Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013) (citing *King v. Ryan,* 564 F.3d 1133, 1142 (9th Cir. 2009)) ("To be properly filed, a claim must have been exhausted at the time of filing."). Accordingly, the Court recommends that the petition be dismissed without prejudice as unexhausted.[9]

---

[7] The Court notes that several similar petitions by different petitioners presenting the same grounds for relief and offering the same explanation for failure to exhaust state judicial remedies have been considered and dismissed by this court prior to service, pursuant to Rule 4, based on petitioner's failure to exhaust state judicial remedies. *See, e.g., Duchow v. State of Washington*, Case No. 19-cv-687-RSL-MAT (W.D. Wash., June 14, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Wamba v. State of Washington*, Case No. 19-cv-661-TSZ-MAT (W.D. Wash., June 13, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Domingo v. State of Washington*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen v. State of Washington*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina v. State of Washington*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit).

[8] The Court also notes that it appears that petitioner's substantive constitutional claims also lacks merit as it has long been settled that there is no denial of Federal Constitutional rights involved in the substitution of the prosecuting attorney's criminal information for the grand jury's indictment. *Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information). This rule has been specifically applied to Washington's state practice of prosecution by information. *Gaines v. Washington,* 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793 (1928); *Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993); *and see Domingo*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit). However, the Court need not reach the merits of petitioner's claims as it is clear from the face of the petition that he has failed to exhaust his state court remedies.

[9] A federal district court may dismiss a wholly-unexhausted habeas petition *with* prejudice only where it is clear that state law will no longer permit petitioner to exhaust the claims therein. *See, e.g., Murphy v. Mahoney*, 308 F. App'x 45, 45–46 (9th Cir. 2008) ("Since the time for filing a state post-conviction relief petition has long since passed, Murphy cannot return to state court to exhaust his claims. Thus, Murphy is procedurally barred from asserting is claims in federal court, and no exception exists that would excuse his failure to file a petition earlier.") (citing *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). The record here does not permit the Court to conclude with certainty that petitioner is foreclosed under Washington State law from exhausting his claims.

**PETITIONER'S ADDITIONAL MOTIONS/FILINGS**

Petitioner has also filed documents entitled "Motion to Exhaust State Remedies" (Dkt. 6), "Motion for Petitioner-Initiated Summary Judgment" (Dkt. 8), and "Response to Order to Show Cause/Motion for Reconsideration" (Dkt. 9). Petitioner's motions should be denied.

**A.         "Motion to Exhaust State Remedies"**

Petitioner has also filed a document entitled "Motion to Exhaust State Remedies." Dkt. 6. Petitioner argues the Court should find he has "vicariously exhausted" his claims based on the Court's decision in a separate federal habeas action, *Fischer v. State of Washington*, C20-051-TSZ. Petitioner argues that if another member of a "class action" satisfies the requirement to exhaust their "administrative remedies", it is enough for all other similarly situated members of the class to be considered to have exhausted.

In *Fischer*, United States District Judge Thomas S. Zilly rejected the Magistrate Judge's conclusion that the petitioner, Mr. Fischer, failed to exhaust his state court remedies. *See Fischer v. State of Washington*, No. C20-051-TSZ, Dkt. 5, 2020 WL 916189 (W.D. Wash. Feb. 26, 2020). In so doing, Judge Zilly cited to the fact that Mr. Fischer had filed a petition for discretionary review in the Washington Supreme Court on direct appeal and two personal restraint petitions in the Washington Court of Appeals. *Id.* However, it is not clear from the materials cited that Mr. Fischer presented to the state courts for consideration the claims asserted in his federal habeas petition which is necessary to satisfy the exhaustion requirement. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971) ("[I]t is not sufficient merely that the federal habeas applicant has been through the state courts. The [exhaustion] rule would serve no purpose if it could

be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."). Rather, Mr. Fischer represented that although he had appealed his judgment and filed personal restraint petitions, he *had not* presented to the state courts the four constitutional grounds asserted in his habeas petition because he believed the State of Washington lacked jurisdictional authority to decide those constitutional issues. *See Fischer*, No. C20-051-TSZ, Dkt. 3, at 5-12.[10]

The Court also notes that petitioner's claims here are not brought in the context of a "class action" nor is the exhaustion of "*administrative* remedies" at issue as petitioner claims. Because it is clear the petitioner has not presented the *precise claims* presented in the federal habeas action to the state court, he has not properly exhausted his claims. And, as previously noted, petitioner's perception that the state courts would be unsympathetic to his claims does not excuse his failure to present and exhaust his claims. *See Engle*, 456 U.S. at 130 ("Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid.").

Accordingly, the Court should deny petitioner's "Motion to Exhaust State Remedies" (Dkt. 6) as the Court has considered the arguments therein and finds they do not cure the deficiencies in the petition and the motion should be denied for the

---

[10] The Court notes that the petition in *Fisher* was dismissed on other grounds - as untimely and barred by the statute of limitations – without reaching the merits of petitioner's claims. *Fischer*, No. C20-051-TSZ, Dkt. 5, 2020 WL 916189.

REPORT AND RECOMMENDATION - 10

1 same reasons the Court recommends the petition be dismissed. Alternatively, the
2 motion should be denied as moot in light of the recommendation that the petition be
3 dismissed without prejudice for failure to exhaust state court remedies.

**B.	"Motion for Petitioner-Initiated Summary Judgment"**

Petitioner also moves for "Petitioner-Initiated Summary Judgment[.]" Dkt. 8. The motion requests that the Court "proceed in summary judgment" as "the facts are undisputed and establish a denial of petitioner's constitutional rights." *Id.* Petitioner's motion repeats the jurisdictional arguments raised in his petition and discussed above and calls again for the court to consider the merits of his constitutional claims without considering exhaustion. *Id.*

As noted above, these arguments fail as the governing statute both (1) recognizes the authority of state courts to adjudicate whether the federal constitutional rights of a state criminal defendant were violated; and, (2) makes clear that a state prisoner is required to exhaust all state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. §§ 2254(b)(1), (d)(1).

Accordingly, the Court should deny petitioner's "Motion for Petitioner-Initiated Summary Judgment" as the Court has considered the arguments therein and finds they do not cure the deficiencies in the petition and the motion should be denied for the same reasons the Court recommends the petition be dismissed. Alternatively, the motion should be denied as moot in light of the recommendation that the petition be dismissed without prejudice for failure to exhaust state court remedies.

**C.	"MOTION FOR RECONSIDERATION"**

To the extent petitioner's response (Dkt. 9) could also be considered a motion for reconsideration of the Court's order to show cause, it should be denied as petitioner fails to meet his burden on reconsideration. Motions for reconsideration are disfavored under the Court's local rules:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. CR 7(h)(1).  Such motions are an "extraordinary remedy," and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation omitted).

In this case petitioner, for the same reasons discussed above regarding the issue of exhaustion, fails to show manifest error in the Court's prior order. Petitioner also presents no new facts or legal authority that would warrant reconsideration of the Court's order. Accordingly, if the Court also considers petitioner's response (Dkt. 9) as a motion for reconsideration, the motion should be denied.

## CONCLUSION

For the foregoing reasons, this Court recommends that petitioner's federal habeas petition (Dkt. 3), and this action, be **DISMISSED without prejudice as unexhausted.** Petitioner's "Motion to Exhaust State Remedies" (Dkt. 6) and "Motion for Petitioner-Initiated Summary Judgment" (Dkt. 8) should be **DENIED** for the same reasons the Court recommends the petition be dismissed. Alternatively, the motions should be denied as moot in light of the recommendation that the petition be dismissed

without prejudice for failure to exhaust state court remedies. The Court should construe petitioner's "response to Order to Show Cause/Motion for Reconsideration" (Dkt. 9) as a response to the Court's order to show cause. Alternatively, to the extent the Court deems it appropriate to also consider petitioner's response (Dkt. 9) as a motion for reconsideration of the Court's order to show cause, it should be **DENIED** as petitioner fails to meet his burden on reconsideration.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter. This Court therefore **recommends that a certificate of appealability be DENIED.** A proposed order accompanies this Report and Recommendation.

### DEADLINE FOR OBJECTIONS

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).

Accommodating the above time limit, the Clerk shall set this matter for consideration on **May 22, 2020**, as noted in the caption.

Dated this 27th day of April, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 14